Caria, per

Wardlaw, J.
This is an action of covenant on the usual general warranty of the premises. The de *70 scription is of a tract of land, sold in gross fora round sum, containing 1328 acres, more or less, contained within lines whose course, distance and termini or corners, are given severally, and bounded by Savannah River and certain lands, for all which, reference is made to a plat annexed. Some of the lines upon re-survey, have been found shorter than their distance set down in the deed and plat, and the quantity from that cause, (or more probably from an inaccurate delineation of the river, by the surveyor who made the plat annexed to the deed,) has been found to be 128, 98 or 84 acres, according to the various calculations which have been made, less than 1328. Assuming, however, that by the verdict it is established that there is a quantity 90 acres short of that mentioned in the deed, and that the deficiency has resulted from the lines, after measurement, having been found shorter than they are represented in the deed and plat annexed, as there is no special warranty of quantity, the question is, whether the deed warranting the premises by its descripton, covers more than has been enjoyed under it.
Wardlaw, for the motion. Griffiin fy Burt, contra.
This case differs from Gray vs. Handkinson, 1 Bay, 278 ; Sumter vs. Welch, 2 Bay, 558; Tunno vs. Flud, 1 McC. 121; Barksdale vs. Toomer, Harper 290; Corumissioner vs. Thompson, 4 McC. 434; Crawford vs. Crawford, 1 Bail. 128 ; Barkley vs. Barkley, Harp. 441, and Means vs. Brickell, 2 Hill, 267, in this, that here the deficiency is alleged by the plaintiff, and in all of those cases it was set up as matter of defence. This is not mentioned to shew that such deficiency presents an instance in which a defendant may resist payment upon principles which would not sustain an action to recover back the money if paid, but to suggest that the purchaser in such cases has an advantage in being defendant rather than plaintiff, inasmuch as he can, as defendant, avail himself of either the warranty or misrepresentation of the vendor, in like manner, as if in a cross action he had joined counts in covenant, assumpsit and case, whilst as plaintiff, he is confined to the particular allegation made according to the form of his action, and in covenant is held to the terms of the deed.
*71 The case of Crawford and Crawford, was decided upon circuit by the peculiar terms of the warranty, and the decision, upon appeal, was sustained upon that ground, and strengthed by a suggestion of misrepresentation.
The case of Barksdale and Toomer, shews that Tunno and Flud was decided upon the ground of misrepresentation, by fraud or mistake, and settles that in construing a warranty, we must look to the whole description and allow that part which is most certain to prevail, and that where, by named boundaries or other distinguishing characteristics, a tract of land, as a whole, is described, the mention of an inaccurate quantity shall not'control what without it was certain, or be considered of itself as any warranty of quantity. In that case, however, there was neither plat annexed, nor lines of specified course and distance men-, tioned in the deed, and these might there have produced a different result in reference to the question of misrepresentation.
Here these particulars enter into the description, and it is contended that although the number of acres mentioned, be but part of the description, not itself sufficient to raise a warranty of quantity, or to control what without it is certain, yet as the lines specified would, if run from the beginning corner, according to the courses and distances given, enclose the quantity mentioned, and so include fragments outside of the actual lines of the tract as enjoyed, in the whole amounting to the deficiency of 90 acres, there is, therefore, to that extent, a breach of the warranty. It is still a question of description. The allegation is, in effect, that these fragments have been conveyed and not enjoyed.
If these fragments were conveyed and warranted by the deed, then by the same construction they would have been covered by a grant from the State, with like description ; or in a mere question of location between the purchaser and adjoining land owners, they would have been adjudged to the purchaser.
Where nothing besides course and distance are given, they fix the lines. A grant or conveyance of a square, commencing at a given point, and running thence upon a given course, so that each side should be 80 chains long, would, in the absence of all other description, be a convey *72 anee of 640 acres ; and, that, even if the quantity should, by miscalculation, be called 600 or 700 acres, and any diminution of the quantity, either by the variation of any angle from a right angle, or the short coming of any lines, would be a departure from the description.
But where the termini of the lines ascertained by natural or artificial marks are given, the course and distance are controlled; and lines ascertained by known boundaries, or other descriptive circumstances, are preferred to those which can be found only by the compass and chain. It cannot be said, in reference to a mere question of construction, that a line found, is not the line described, because the course or distance varies, when the marked trees, the roads, the river, the boundaries, or other characteristic, more certain than course and distance establish it.
This rule is of every days application in questions of location, and it would be mischievous to disregard it in reference to descriptions as applicable to warranties. When the quantity is a material consideration in a purchase of a tract in gross, the purchaser will either have it expressly warranted, or take care that a surveyor be employed,, upon whose skill and integrity he can rely. A description by plat, is so much more easy and certain than any other which can be employed, that its use should not be discouraged. It would then be unwise to compel the vendor, without his agreement, to insure the skill of the surveyor, and the accuracy of the instruments used against subsequent discoveries which may shew a deficiency of the quantity represented by a plat; and unfair, if he can gain nothing from discoveries which may shew an increase.
It is unnecessary to consider the second ground of appeal.
A new trial is ordered.
Richardson, O’Neall, Evans and Butler, JJ. concurred.